UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM ALEXANDER,

           Plaintiff,                            No. 13-11908

vs.                                                Hon. Gerald E. Rosen

OAKLAND COUNTY FRIEND
OF THE COURT, et al.,

           Defendants.
_____/

ORDER OF SUMMARY DISMISSAL

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on May 28, 2013

PRESENT: Honorable Gerald E. Rosen
United States District Chief Judge

Plaintiff William Alexander has filed a *pro se* complaint against the Oakland County Friend of the Court and two individual Friend of the Court Officers, David Hoffman and Mary Kaye Neumann, seeking a declaratory judgment that the Friend of the Court's continued actions to enforce his child support obligations are illegal because his minor child allegedly spent the majority of time with his maternal grandparents and with him (the non-custodial parent), instead of with the custodial parent to whom child support payments were directed. In his Complaint, Plaintiff alleges four counts: In Count I Plaintiff alleges a violation of 18 U.S.C. § 1001. In Count II Plaintiff alleges a violation

1

of 42 U.S.C. § 1981.  Count III is captioned as a "Civil Action for Deprivation of Rights" under 42 U.S.C. § 1983, and Count IV is captioned as one for "Judicial Review of Unlawful Agency Action" pursuant to the Administrative Procedures Act, 5 U.S.C. § 702. Plaintiff was granted permission to proceed with this action *in forma pauperis,* without prepayment of the filing fee under 28 U.S.C. § 1915.  After careful consideration, the Court dismisses Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2).

Complaints filed *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Burgery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss *sua sponte* complaints that are "(i) frivolous or malicious; (ii) fail[] to state a claim upon which relief may be granted; or (iii) seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Supreme Court has defined a "frivolous" action as one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319,  109 S.Ct. 1827, 1831 (1989).

Having reviewed Plaintiff Alexander's complaint in this action, the Court concludes that the complaint is frivolous and fails to state a claim upon which relief may be granted.

First, there is no civil action for a violation of 18 U.S.C. § 1001.  This is a criminal statute which makes it a crime to make a false statement to a federal government investigator.  "Nothing in that criminal statute provides for a private right of action or

provides civil remedies for a private person affected by any such statements. Only the government may prosecute a defendant for this crime." *Daniels v. American Postal Workers Union*, 167 F. Supp. 2d 999, 1003 (N.D. Ill. 2001), *aff'd*, 40 F. App'x 236 (7th Cir. 2002). Therefore, Count I fails to state a claim upon which relief may be granted.

Plaintiff next claims that by ignoring his parenting time complaints and exhibiting "favoritism" toward the custodial parent, Defendants violated 42 U.S.C. § 1981. Section 1981 protects against racial discrimination in the making and enforcement of contracts. *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) ("Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship.") To establish a claim under Section 1981, a plaintiff must allege facts in support of the following elements: (1) plaintiff is a member of a racial minority, (2) defendant intended to discriminate on the basis of race, and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.). *Johnson v. Harrell*, 142 F.3d 434, 1998 WL 57356 (6th Cir. 1998) (citing *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir.1996). Here, all that Plaintiff has alleged is that Defendants favored one parent over the other. Nowhere in his Complaint has Plaintiff alleged racial discrimination. Therefore, Plaintiff's Count II fails to state a cognizable claim under 42 U.S.C. § 1981.

Similarly, Plaintiff's Complaint fails to state a claim under 42 U.S.C. § 1983.

Section 1983 is not itself a source of substantive rights. *Graham v. Connor*, 490 U.S. 386, 393–394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Instead, it provides a cause of action for the vindication of federal rights. *Id*.  Plaintiff, however, has not alleged any federal constitutional or statutory right violated by Defendants.  Plaintiff merely quotes the language of Section 1983 and states that Defendants "subjected Plaintiff to actions depriving of rights, privileges, and securities given by the United States Government and secured by the Constitution and Laws" when they disregarded statements and accusations made by him and others.  This conclusory allegation, however, does not demonstrate that any federal right was violated.

The fourth and final count alleged in Plaintiff's Complaint is one for "Judicial Review of Unlawful Agency Action" pursuant to the Administrative Procedures Act, 5 U.S.C. § 702 (the "APA").  The APA, however, only applies to actions taken by *federal* agencies.  *See* 5 U.S.C. § 701; *Gibson & Perin Co. v. City of Cincinnati*, 480 F.2d 936, 940 (6th Cir. 1973); *City of Rohnert Park v. Harris*, 601 F.2d 1040, 1048 (9th Cir.), *cert. denied*, 445 U.S. 961(1979).  It does not confer jurisdiction on this Court to review the actions of state, county or municipal agencies or their employees.  *Gibson & Perin, supra.*

For all of the foregoing reasons, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted.  Therefore,

IT IS HEREBY ORDERED that Plaintiff's *ifp* Complaint is hereby DISMISSED, pursuant to 28 U.S.C. § 1915(e)(2).


IT IS FURTHER ORDERED that any appeal from this order would be frivolous and not in good faith. Therefore, leave to appeal *in forma pauperis* will be DENIED.

S/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  May 28, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 28, 2013, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager, (313) 234-5135