UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM ALEXANDER,

           Plaintiff,                          No. 13-cv-11908

vs.                                            Hon. Gerald E. Rosen

OAKLAND COUNTY FRIEND
OF THE COURT, et al.,

           Defendants.
_____/

ORDER DENYING PLAINTIFF'S MOTION
TO REOPEN TIME TO APPEAL

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on January 10, 2014

PRESENT: Honorable Gerald E. Rosen
United States District Chief Judge

This matter is presently before the Court on Plaintiff William Alexander's December 23, 2013 Motion to Reopen Time to Appeal the Court's May 28, 2013 Summary Dismissal of his Complaint. In this unsigned, unverified motion, Plaintiff maintains that he did not receive notice of the summary dismissal until he contacted the Defendant Oakland County Friend of the Court (the "FOC") on some unspecified date, and was informed by the FOC that his lawsuit had been summarily dismissed on May 28, 2013. As evidence of this, Plaintiff attached only an undated second page of what

presumably is a letter from the FOC Director.[1]

Fed. R. Civ. P. 77(d) provides that "[l]ack of notice of the entry [of an order or judgment] does not affect the time for appeal or relieve -- or authorize the court to relieve -- a party from failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a)."

Fed. R. App. P. 4(a)(6) permits a district court to reopen the time to file an appeal for a period of 14 days, but only if all of the following conditions are satisfied:

> (A)  the court finds that the moving party did not receive notice of entry of the judgment or order within 21 days after entry;
> (B)  *the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice*, **whichever is earlier**; and
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. (a)(6) (emphasis added).

In this case, the Court does not find that all of these conditions are satisfied. First, the record of this case shows that Plaintiff was served with a copy of the Order of Summary Dismissal by mail on May 28, 2013 at the address he provided on his pleadings and that mailing was not returned to the Court as incorrectly addressed or was otherwise undeliverable. The correctness of the address is further evidenced by the Court's service of the Order granting his application to proceed *in forma pauperis* just five days earlier, on May 23, 2013, the receipt of which Plaintiff does not dispute. Plaintiff's unsigned, unverified assertion that he never received the copy of the Order of Summary Dismissal is insufficient evidence of non-receipt in light of the certification of service appearing on

---

[1] Presumably, the date would appear on the first page of this correspondence.

the Court's record.

However, even if the Court were to accept Plaintiff's unverified assertion of untimely receipt of notice, Plaintiff's motion is made well beyond 180 days after entry of the Order of Summary Dismissal, which would establish November 28, 2013 as the outermost deadline for moving to reopen the time for appeal in this case.[2] Plaintiff did not file his Motion to Reopen Time for Appeal until December 23, 2013, i.e., nearly one month after the deadline for doing so.

Because Plaintiff's Motion was not timely filed,

IT IS HEREBY ORDERED that Plaintiff's Motion to Reopen Time for Appeal **[Dkt. # 6]** is DENIED.

                                         s/Gerald E. Rosen
                                         Chief Judge, United States District Court

Dated: January 10, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 10, 2014, by electronic and/or ordinary mail.

                                         s/Julie Owens
                                         Case Manager, (313) 234-5135

---

[2] From the excerpt from FOC letter provided by Plaintiff as "evidence" of untimely receipt of notice, it appears that Plaintiff must have received this letter some time after October 25, 2013. However, as Fed. R. App. P. 4(a)(6)(B) sets the deadline for moving to reopen time for appeal as "180 days after entry of the order" or "14 days after receiving notice of the entry," *whichever is earlier*, November 28, 2013 (180 days after entry of the order) is the latest date on which he could have filed his Motion to Reopen Time for Appeal, even if Plaintiff received the FOC letter after that date.